```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RANDOLPH MONTGOMERY                           CIVIL ACTION

VERSUS                                        NO: 08-3877

LOUISIANA STATE BOARD OF                      SECTION: R(2)
APPEALS, ET AL.
```

## ORDER AND REASONS

Before the Court is defendant Windsor Court Hotel's unopposed Motion to Dismiss for lack of subject matter jurisdiction. For the following reasons, the Court GRANTS the motion.

### I.  Background

Plaintiff Randolph Montgomery. proceeding *pro se*, sued his former employer, the Windsor Court Hotel, and the Louisiana State Board of Appeals for denial of unemployment benefits. Plaintiff alleges that he took a 30-day medical leave of absence from his job at the Windsor Court Hotel because he dislocated his

shoulder.  Plaintiff claims that the injury took longer than 30 days to heal and that, when he returned to the Windsor Court Hotel, his job was no longer available.  Plaintiff asserts that Windsor said he "left the job without good reason," and that as a result he was denied unemployment benefits.  Plaintiff appealed the denial of unemployment benefits, and an Administrative Law Judge denied his claim. (R. Doc. 1-2).  Plaintiff appealed the ALJ's decision, and the appeal was denied as untimely. (R. Doc. 1-2).  On July 7, 2008, plaintiff sued Windsor and the Louisiana State Board of Appeals in federal court. (R. Doc. 1).  Windsor now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**II.  Legal Standard**

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  A district court may dismiss a case for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3)

2

the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Defendant raises a "facial attack" on the complaint. Accordingly, the Court must examine whether plaintiff has sufficiently alleged a basis for subject matter jurisdiction, taking all of his allegations in the complaint as true. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 510 (5th Cir. 1980) (citing *Mortensen v. First Fed. Savings & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)).

**III. Discussion**

Windsor contends that there is no subject matter jurisdiction over plaintiff's claim since it does not raise a federal question.  Plaintiff essentially claims that Windsor prevented him from receiving unemployment benefits by telling the Louisiana state agency that he left his job "without good reason."[1]  Plaintiff's claim appears to be a tort claim of

---

[1] In Louisiana, to qualify for unemployment benefits you must be unemployed through no fault of your own. *Abadie v. Bayou*

3

negligent misrepresentation. Because this claim does not raise a federal question, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

Windsor also avers that the Court does not have diversity jurisdiction. Diversity jurisdiction exists if the parties are diverse and the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332. The party seeking to invoke federal diversity jurisdiction bears the burden of proving both. *See Garcia v. Koch Oil of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Plaintiff has not established either. The parties appear to be non-diverse. Windsor contends that the plaintiff is a Louisiana citizen and that Windsor's principal place of business is in New Orleans, Louisiana, making it a citizen of Louisiana for diversity purposes. *See* 28 U.S.C. § 1332(c)(1). Plaintiff has provided no evidence to the contrary. Further, plaintiff had not alleged that the amount in controversy exceeds $75,000, and it is not facially apparent that the claim exceeds the jurisdictional amount. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, plaintiff has not shown that this Court has diversity jurisdiction under 28 U.S.C. § 1332.

---

*Steel Corp.*, 645 So.2d 779, 782 (La. Ct. App. 1994).

There is also no subject matter jurisdiction over Montgomery's claims against the Louisiana Board of Appeals.  The Eleventh Amendment bars a state's citizens from suing the state or its agencies in federal courts. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir. 2002). When a state agency is the named defendant, the Eleventh Amendment bars suit unless the state has waived its immunity. *Id.* at 280-81.  By statute, Louisiana has refused to waive its sovereign immunity and expressly bars suits against Louisiana or its agencies in any court other than a Louisiana state court. *See* La. Rev. Stat. 13:5106.  Accordingly, Montgomery's claims against the Louisiana State Board of Appeals must also be dismissed.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS defendant's Motion to Dismiss pursuant to 12(b)(1) and DISMISSES plaintiff's complaint for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 30th day of October, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE